E. J. DOOLEY v. MRS. M. J. DOOLEY.

ATTORNEYS. *Powers of.* Mrs. D sued D in replevin for sixty hogs. The
suit was compromised. D was to have the hogs if he paid Mrs. D.
fifty dollars November 1, 1878, otherwise the hogs were to belong to
Mrs. D. Mr. G was the attorney of Mrs. D in the replevin suit. On
November 1, D paid Greer fifty dollars. When Mrs. D some days
after was informed of the payment, she denied his authority to receive
the amount, and declined to take it when offered. *Held,* she could
maintain an action of replevin for the hogs. Although Greer acted
as her counsel in the case compromised, he had no right, without spe-
cial authority, to accept the fifty dollars.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
county. J. O. PIERCE, J.

J. M. GREER for E. J. Dooley.

HUMES & POSTON for M. J. Dooley.

Dooley v. Dooley.

DEADERICK, C. J., delivered the opinion of the court.

Mrs. Dooley instituted this suit in replevin, before a justice of the peace. Before trial, by consent, the property sued for (60 hogs) not having been found, the action was changed to detinue, and judgment rendered in favor of defendant; from which plaintiff below appealed to the circuit court. There, upon trial, judgment was rendered in favor of Mrs. Dooley for the property, valued at $100, and defendant appealed.

It appears from the bill of exceptions, that Mrs. Dooley had previously sued defendant for the same hogs, and that the suit had been compromised, each party paying one-half the costs, and that E. J. Dooley was to have the hogs, if he paid Mrs. Dooley $50 on the first day of November, 1878, but if he failed to do so, then said E. J. was to deliver them to Mrs. Dooley, whose property they were admitted to be.

This agreement was written out and signed by the parties and delivered to Mrs. Dooley. Mr. Greer had been her counsel in the cause which was compromised, and on the day the $50 was payable, E. J. Dooley paid the amount to said Greer.

Some days after the 1st of November, Mrs. Dooley was informed by Mr. Greer that the $50 had been paid to him, but she denied his authority to receive it, and declined to take it when offered to her.

The defense is, to this action, that Greer having acted as her counsel and attorney in the case which

was compromised, had the right, without any special authority from her, to accept the $50. We think he had not such right. The litigation in which he acted as attorney had terminated, and Mrs. Dooley had received E. J. Dooley's obligation to pay her $50 on the 1st of November or to return the hogs.

In respect to the collection of this $50 or the enforcement of this new undertaking, Greer was not employed as attorney. He had, therefore, no legal right to receive the money, or to acquit E. J. Dooley of his liability to Mrs. Dooley, although he evidently acted in good faith, and under the impression that as he had been employed in the litigation which resulted in the compromise, and had acted as her counsel in that case and in other cases, that he might properly receive the amount tendered.

E. J. having failed to pay the money to Mrs. Dooley, or to any one authorized to receive it for her, at the time stipulated, she had a right to demand and sue for the hogs.

The judgment of the circuit court must be affirmed.